\* \* \* shall·be jointly and severally liable for all debts and liabilities made by them, and contracted in the name of such corporation, or pretended corporation.'' (See also, *Hipp v. Muehleisen,* 88 Ill. App. 55.) [7]

The judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*

---

## Fred Krell, Plaintiff in Error, v. August Meyer, Defendant in Error.

### Gen. No. 21,546.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and judgment here. Opinion filed December 27, 1916.

### Statement of the Case.

Action by Fred Krell, plaintiff, against August Meyer, defendant, for rent, in which the defendant filed a set-off. To reverse a judgment for defendant on the set-off, plaintiff prosecutes a writ of error.

HUTTMANN, CLOYES, NETHERTON & CARR, for plaintiff in error.

ALBERT H. MEADS, for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

SALES, § 341\*—*when evidence does not show promise by purchaser of stock to pay seller accrued profits thereon.* In an action for rent, where judgment was rendered for the defendant on a set-off based

---

\*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

upon an alleged promise by the plaintiff to pay the defendant accrued profits on shares of stock purchased by the plaintiff from the defendant in connection with a real estate deal between the parties, evidence *held* not to justify a finding that the plaintiff made such promise.

## Josephine Dugan, Defendant in Error, v. International Association of Bridge & Structural Iron Workers, Plaintiff in Error.

### Gen. No. 21,587.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. GEORGE J. COWING, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 27, 1916.

### Statement of the Case.

Action by Josephine Dugan, plaintiff, against the International Association of Bridge & Structural Iron Workers, defendant, to recover a death benefit alleged to be due plaintiff as widow and sole heir at law of one Frank J. Dugan, deceased. From a judgment in favor of plaintiff, defendant brings error.

ZOLINE & LEVINSON, for plaintiff in error.

MICHAEL LYONS, for defendant in error; JOHN H. KANE, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 793*—*when by-law requiring payment of monthly dues and assessments in advance is waived.* The provisions of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.